## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHELLE HICKS**<br>4104 Granite Avenue<br>Baltimore, Maryland 21206<br>*Resident of Baltimore City*<br><br>and<br><br>**LILLIAN WARREN**<br>3135 Cliftmont Avenue<br>Baltimore, Maryland 21213<br>*Resident of Baltimore City*<br><br>          Plaintiffs,<br>v.<br><br>**THE JOHNS HOPKINS UNIVERSITY**<br>Charles & 34th Street<br>Baltimore, Maryland 21218<br><br>Serve:     Mark Rotenberg, Resident Agent<br>          3400 N. Charles Street<br>          Baltimore, Maryland 21218<br><br>          Defendant. | Civil Action No.:<br><br><br><br><br>Collective Action Claims<br><br>Class Action Claims<br><br><br><u>Jury Trial Requested</u> |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### COMPLAINT FOR WAGES OWED

MICHELLE HICKS AND LILLIAN WARREN, Plaintiffs, by and through their undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submit this Complaint against THE JOHNS HOPKINS UNIVERSITY, Defendant, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"); and unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law,

Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL"), and in support thereof, state as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from the application of a common scheme devised by Defendants to avoid paying Plaintiff and others similarly situated their wages owed. As described herein, Defendant hired Plaintiffs and other similarly situated employees to perform work as refund specialists at Defendant's facility. However, Defendant failed to compensate Plaintiffs and others for all hours worked.

Defendant is able to complete these illegal acts by failing to compensate Plaintiffs and others for all recorded hours worked. Although Plaintiffs documented when they began and ended each work day, they were only paid for eight hours. Plaintiffs' pay stubs reflect that they worked no more than forty (40) hours during a workweek, although Defendant was aware that this was not the case. Through these unlawful acts, Defendant evaded the payment of wages owed to Plaintiffs and others pursuant to the standards set forth by the FLSA and MWHL.

## THE PARTIES

1.    Plaintiff Michelle Hicks (hereinafter, "Hicks") is an adult resident of Baltimore City, Maryland.

2.    Plaintiff Lillian Warren (hereinafter, "Warren") is an adult resident of Baltimore City, Maryland.

3.    Defendant The Johns Hopkins University (hereinafter, "University") is an incorporated not-for-profit business in Baltimore City, Maryland.

4.      The Defendant is subject to the FLSA and MWHL by the nature of its business and the amount of revenues generated.   Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

5.      At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce by the nature of their duties performed as part of their employment with Defendant.

6.      Plaintiffs worked for Defendant, who, at all times throughout Plaintiffs' employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d) and MWHL, § 3-401(b).   Plaintiffs and others similarly situated worked as non-exempt employees for Defendant.

7.      From approximately January 2009 to August 2013, Plaintiff Hicks was employed as a refund specialist for Defendant.

8.      From approximately 2003 through her current employment, Plaintiff Warren is employed as a refund specialist for Defendant.

9.      At all times relevant to this Complaint, Defendant supervised the administration of the University and set employee schedules, including Plaintiffs' schedules.   Defendant was actively engaged in the management and direction of Plaintiffs.   Defendant possessed and exercised authority to determine hours worked with respect to University employees, including Plaintiffs. Defendant made all decisions relating to Plaintiffs' rate and method of pay.

## JURISDICTION AND VENUE

10.     Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*.  This Court also has subject matter jurisdiction under 28 U.S.C.  § 1331.

11.     Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate.  The unlawful acts central to this matter occurred within the State of Maryland.

3

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

12.     Plaintiffs and others similarly situated hold or held the title of refund specialists, an accounts payable position.  During the course of their employment, Plaintiffs and others similarly situated perform or performed duties relating to the day to day review, input processing, and making refund payments to various payees.  Plaintiffs satisfied the requirements of their job and adequately performed their duties to benefit the Defendant, as well as the Defendant's clients.

13.     Throughout the course of her employment, Plaintiff Hicks worked as an hourly employee for Defendant.  For example, from approximately February 2011 until February 2012, Plaintiff Hicks received bi-monthly payments reflecting a pay rate of approximately $680.94 per week, or $17.02 per hour.  From approximately February 2012 until February 2013, Plaintiff Hicks received bi-monthly payments reflecting a pay rate of approximately $698.29, or $17.46 per hour.

14.     Throughout the course of her employment, Plaintiff Warren worked as an hourly employee for Defendant.  Plaintiff Warren's pay rates went through incremental increases over the years of her employment.  For example, from approximately July 2013 up through her current employment, Plaintiff Warren received bi-monthly payments reflecting a pay rate of approximately $720.00, or $18.00 per hour.

15.     Defendant was responsible for determining Plaintiffs' rates and method of pay. Defendant also made all decisions relating to Plaintiffs' work schedules.

16.     Upon the commencement of employment, Defendant informed Plaintiffs that they were to work forty (40) hours a week, five (5) days a week.  Plaintiffs were told that their schedule was to be Monday through Friday, and that this was to include a thirty (30) minute lunch break.

17.     During many pay periods, Plaintiffs and others similarly situated worked well over forty (40) hours in a workweek.  For the majority, Plaintiffs consistently worked as many as fifty

(50) to sixty (60) hours a week. Although Defendant made some overtime payments, those overtime payments were not made for each week in which overtime should have been paid.

18. Due to the heavy workload imposed on refund specialists, on many occasions, Plaintiffs and others would arrive to work as early as 7:00 a.m. and would stay as late as 8:30 p.m. The responsibilities of Plaintiffs and others also occasionally required that they work through lunch, even though they were not compensated for this time.

19. There is no bona fide dispute that Plaintiffs and others similarly situated are owed overtime wages for hours worked over forty (40) in a workweek. At no time did Plaintiffs' duties include work for Defendant that would make them exempt from the FLSA and MWHL provisions requiring that they be paid overtime wages.

20. Defendant, acting without good faith, withheld overtime wages owed to Plaintiffs and others similarly situated. Defendant knew that Plaintiffs and others typically work or worked over forty (40) hours per week and suffered or permitted Plaintiffs to work more than forty (40) hours a week.

21. Defendant knew that the duties of Plaintiffs and others required that they work in excess of forty (40) hours per week.

22. Although Plaintiffs signed in and signed out for each shift, Defendant typically compensated them for forty (40) hours in a workweek. This practice was enacted by Defendant to evade overtime wages Plaintiffs were due under both federal and state law. This practice also directly resulted in Plaintiffs not being paid the minimum wage for all hours worked.

23. In bad faith, Defendant withheld these wages owed to the Plaintiffs.

24. Thus, Plaintiffs seek wages owed and other available relief through this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

Case 1:13-cv-03320-ELH   Document 1   Filed 11/07/13   Page 6 of 15

25.     Plaintiffs and others similarly situated worked as refund specialists for Defendant. Upon information and belief, there are more than ten refund specialists working for Defendant at any given time.  Each refund specialist is subject to the same unlawful practices described above.

26.     The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

27.     Defendant knew that Plaintiffs and similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others to work more than forty (40) hours per week.

28.     Defendant knew or should have known that Plaintiffs and those similarly situated were entitled to overtime and the minimum wage for all hours worked.

29.     Pursuant to the FLSA, Plaintiffs commence this collective action against Defendant on behalf of themselves and those similarly situated for the payment of wages owed for all hours worked and an overtime rate of not less than one and a half (1.5) times the regular rate of pay.

30.     Plaintiffs consent to be party plaintiff in this matter; Plaintiffs' consent forms are attached to this complaint as Exhibits A and B.  It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

31.     There are numerous similarly situated current and former employees of Defendant that have been harmed by Defendant's common scheme to underpay its employees and violate the FLSA.

32.     These similarly situated persons are known to Defendant and are readily identifiable through Defendant's records.

6

33.     Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit; upon information and belief, others will chose to join Plaintiffs in this action against Defendant and opt in to this lawsuit to recover unpaid wages and other available relief.

## CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

34.     Plaintiffs bring this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other employees, current and former, that served as refund specialists for Defendant, who were subject to the following practices and policies:

35.     Denial of wages amounting to the minimum wage rate under MWHL for all hours worked; and

36.     Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek.

37.     Plaintiffs are members of the proposed class they seek to represent.

38.     The claims alleged by Plaintiffs are typical of the claims of the proposed class members.

39.     The potential members of the class are sufficiently numerous that joinder of all class members is impractical.

40.     There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

41.     Counsel for the proposed class is qualified and experienced in litigating MWHL class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I. Violation of the FLSA:  Failure to Pay the Minimum Wage to Michelle Hicks*

43.     Plaintiff Hicks hereby fully incorporates in this Count all allegations contained within this Complaint.

44.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

45.     Plaintiff Hicks has not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiff Hicks received at least the minimum wage rate for each hour of work.

46.     Defendant willfully and intentionally did not compensate Plaintiff Hicks for the total minimum amount of wages they were owed.  There is no bona fide dispute that Plaintiff Hicks is not exempt from the minimum wage provisions of the FLSA for the work she performed for Defendant.

47.     Under the FLSA, Plaintiff Hicks is entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

### *Count II.  Violation of MWHL: Failure to Pay the Minimum Wage to Michelle Hicks*

48.     Plaintiff Hicks hereby fully incorporates in this Count all allegations contained within this Complaint.

49.     Pursuant to Maryland Wage and Hour Law, Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

50.     Plaintiff Hicks has not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiff Hicks received at least the minimum wage rate for each hour of work.

51.     Defendant willfully and intentionally did not compensate Plaintiff Hicks for the total minimum amount of wages she was owed.  There is no bona fide dispute that Plaintiff Hicks is not exempt from the minimum wage provisions of MWHL for the work she performed for Defendant.

52.     Under MWHL, Plaintiff Hicks is entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

*Count III.  Violation of the FLSA: Failure to Pay Overtime Wages to Michelle Hicks*

53.     Plaintiff Hicks hereby fully incorporates in this Count all allegations contained within this Complaint.

54.     Plaintiff Hicks is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

55.     As described above, Plaintiff Hicks has not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff Hicks for these additional hours, for which Plaintiff Hicks was only paid her regular hourly rate for all hours worked.

56.     Defendant willfully and intentionally failed to compensate Plaintiff Hicks for the overtime wages she was owed.  There is no bona fide dispute that Plaintiff Hicks is owed overtime wages for work performed for Defendant.

57.     Under the FLSA, Plaintiff Hicks is entitled to additional wages from Defendant to compensate her for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiff Hicks' regular hourly wage rate.

### Count IV.  Violation of MWHL: Failure to Pay Overtime Wages To Michelle Hicks

58.     Plaintiff Hicks hereby fully incorporates in this Count all allegations contained within this Complaint.

59.     Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

60.     Plaintiff Hicks has not received compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; rather, Defendant unlawfully compensated Plaintiff Hicks for these additional hours by paying her regular hourly wage rate.

61.     Defendant willfully and intentionally did not compensate Plaintiff Hicks for the overtime wages she was owed.  There is no bona fide dispute that Plaintiff Hicks is owed overtime wages for work performed for Defendant.

62.     Under MWHL, Plaintiff Hicks is entitled to additional wages from Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff Hicks' regular hourly wage rate.

### Count V. Violation of the FLSA: Failure to Pay the Minimum Wage to Lillian Warren

63.     Plaintiff Warren hereby fully incorporates in this Count all allegations contained within this Complaint.

64.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

65.     Plaintiff Warren has not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiff Hicks received at least the minimum wage rate for each hour of work.

66.     Defendant willfully and intentionally did not compensate Plaintiff Warren for the total minimum amount of wages they were owed.  There is no bona fide dispute that Plaintiff Warren is not exempt from the minimum wage provisions of the FLSA for the work she performed for Defendant.

67.     Under the FLSA, Plaintiff Warren is entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

### Count VI.  Violation of MWHL: Failure to Pay the Minimum Wage to Lillian Warren

68.     Plaintiff Warren hereby fully incorporates in this Count all allegations contained within this Complaint.

69.     Pursuant to Maryland Wage and Hour Law, Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

70.     Plaintiff Warren has not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiff Hicks received at least the minimum wage rate for each hour of work.

71.     Defendant willfully and intentionally did not compensate Plaintiff Warren for the total minimum amount of wages she was owed.  There is no bona fide dispute that Plaintiff Warren is not exempt from the minimum wage provisions of MWHL for the work she performed for Defendant.

72.     Under MWHL, Plaintiff Warren is entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

## *Count VII. Violation of the FLSA: Failure to Pay Overtime Wages to Lillian Warren*

73.     Plaintiff Warren hereby fully incorporates in this Count all allegations contained within this Complaint.

74.     Plaintiff Warren is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

75.     As described above, Plaintiff Warren has not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff Warren for these additional hours, for which Plaintiff Warren was only paid her regular hourly rate for all hours worked.

76.     Defendant willfully and intentionally failed to compensate Plaintiff Warren for the overtime wages she was owed. There is no bona fide dispute that Plaintiff Warren is owed overtime wages for work performed for Defendant.

77.     Under the FLSA, Plaintiff Warren is entitled to additional wages from Defendant to compensate her for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiff Warren's regular hourly wage rate.

### *Count VIII. Violation of MWHL: Failure to Pay Overtime Wages To Lillian Warren*

78.     Plaintiff Warren hereby fully incorporates in this Count all allegations contained within this Complaint.

79.     Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

80.     Plaintiff Warren has not received compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; rather, Defendant unlawfully compensated Plaintiff Warren for these additional hours by paying her regular hourly wage rate.

81.     Defendant willfully and intentionally did not compensate Plaintiff Warren for the overtime wages she was owed. There is no bona fide dispute that Plaintiff Warren is owed overtime wages for work performed for Defendant.

82.     Under MWHL, Plaintiff Warren is entitled to additional wages from Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff Warren's regular hourly wage rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, prays for the following relief:

a)      Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

b)      Designation of this action as a class action on behalf of Plaintiffs and all members of the proposed class;

c)      Judgment against Defendant for its failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by the FLSA;

d)      Judgment against Defendant for its failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by MWHL;

e)      An award against Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and those similarly situated;

f)      An award against Defendant reflecting outstanding minimum wages owed to Plaintiffs and those similarly situated;

g)      An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

h)      An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by Defendant;

i)      Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

j)      All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and those similarly situated.

Respectfully submitted,

_____/s/_____
James A. Lanier, Esq. (13789)
jlanier@nicholllaw.com
Benjamin L. Davis III, Esq. (29774)
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorneys for Plaintiffs*